UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRYL K.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C21-1404-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred at step two, in assessing his residual functional capacity ("RFC"), and in entering step-five findings. (Dkt. # 12 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1985, has a bachelor's degree, and has worked as a house cleaner, bouncer/disc jockey, call center representative, salesperson, and general laborer. AR at 38, 79-83, 296-97. Plaintiff was last gainfully employed in July 2017. *Id.* at 296.

ORDER - 1

In January 2019, Plaintiff applied for benefits, alleging disability as of July 1, 2017. AR at 258-70. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 116-23, 126-32, 135-36. After the ALJ conducted hearings in October 2020 and February 2021 (*id*. at 31-89), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-26.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.
>
> Step two: Plaintiff's depression and anxiety are medically determinable impairments, but neither is severe either singly or in combination. Plaintiff is therefore not disabled.

AR at 17-26.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Harmfully Err in Identifying Plaintiff's Medically Determinable Impairments at Step Two

Plaintiff argues that the ALJ erred in finding that his medically determinable impairments were depression and anxiety, and failing to list his other diagnosed mental conditions, specifically post-traumatic stress disorder ("PTSD"), bipolar disorder, and obsessive-compulsive disorder. (Dkt. # 12 at 6-8.) He contends that this error is harmful because the ALJ did not consider the impact of the excluded diagnoses on his RFC. (*Id*. at 7-8.)

Plaintiff has failed to establish harmful step-two error for a number of reasons. The record indeed contains multiple references to Plaintiff's various diagnoses in addition to depression and anxiety. *See, e.g.*, AR at 91-115, 371, 375-76, 385, 393, 398, 414, 416, 425, 428, 442, 453. Yet Plaintiff has not shown that any of those references identify particular symptoms or limitations associated with the omitted conditions that the ALJ failed to address when assessing Plaintiff's allegations and the opinion evidence. *See id*. at 22-25. Because Plaintiff has not shown that the ALJ's exclusion of certain mental conditions as medically determinable

ORDER - 3

impairments had any impact on the ALJ's assessment of the severity of Plaintiff's mental impairments, Plaintiff has not shown that the alleged error was harmful. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (explaining that in the absence of evidence that "the ALJ misunderstood the nature of [plaintiff's] impairments[,]" any error in characterizing plaintiff's mental impairments is harmless).

The Commissioner persuasively argued that any error in identifying Plaintiff's medically determinable impairments is harmless (dkt. # 15 at 4-7) and Plaintiff did not file a reply brief. Under these circumstances, Plaintiff has not met his burden to show harmful legal error in the ALJ's identification of Plaintiff's medically determinable impairments.

**B.  Plaintiff Fails to Establish Other Harmful Error in the ALJ's Decision**

Plaintiff argues that the ALJ erred in assessing his mental RFC and in entering incomplete step-five findings. (Dkt. # 12 at 8-17.) The ALJ did not assess Plaintiff's RFC at all, however, because the ALJ found Plaintiff not disabled at step two and did not proceed to steps three, four, or five of the sequential evaluation. *See* AR at 20-26. Plaintiff has therefore framed the issues in a manner inconsistent with the content of the ALJ's decision.

To the extent that Plaintiff's arguments regarding the RFC assessment and step-five findings could be construed as challenges to the ALJ's assessment of Plaintiff's testimony and the medical opinion evidence, they are not persuasive because Plaintiff simply presents an alternative interpretation of the opinion and testimonial evidence without establishing error in the ALJ's interpretation. Plaintiff's opening brief provides a lengthy summary of evidence that he believes would establish his disability (dkt. # 12 at 9-14), without addressing the ALJ's assessment of that evidence. This summary is insufficient to establish that the ALJ's decision contains harmful legal error or is unsupported by substantial evidence. *See Jamerson v. Chater*,

112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

Plaintiff's brief also contains other assertions that lack merit. Plaintiff states that the ALJ erred in finding that although he reported at the hearing that he experienced headaches, "[h]e made no similar complaints to providers." AR at 19. Plaintiff points to evidence that he reported headaches as a medication withdrawal side effect (dkt. # 12 at 14 (citing AR at 524-25, 530)), but he testified at the hearing that he gets headaches "just from standing and being around too many people for too long[.]" AR at 53. The ALJ did not err in finding that Plaintiff's hearing testimony regarding headaches of this type was not corroborated in the medical record.

Plaintiff also notes that the ALJ found at step one that he had not engaged in substantial gainful activity since his alleged onset date, and yet found that his post-onset date work experience indicated that his mental conditions caused only mild limitation in activities. (Dkt. # 12 at 15.) Plaintiff believes that his "failed attempt to work" demonstrates that his mental limitations are very severe because he was only able to work intermittently when he was feeling well enough to do so. (*Id.* at 15-16.) Plaintiff has not identified an internal inconsistency between the ALJ's step-one finding and the ALJ's characterization of Plaintiff's work activities, nor has Plaintiff shown that the ALJ was unreasonable in finding his work activities, along with other activities, undermine his testimony about his minimal activities and isolation. *See* AR at 23. Accordingly, the Court finds that Plaintiff has failed to establish error in the ALJ's assessment of this evidence.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 15th day of April, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge